E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2579
    Facsimile: (213) 894-6269
    E-mail:   James.Hughes2@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
KEVIN LOWELL (Maryland Bar)
THEODORE M. KNELLER (D.C. Bar No. 978680)
Trial Attorneys, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW
    Washington, DC 20005
    Telephone: (202) 514-5799
    E-mail:   Kevin.Lowell@usdoj.gov
              Theodore.Kneller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>DAVID GILBERT SAFFRON,<br><br>       Defendant. | No. CR 22-276-DSF<br><br>GOVERNMENT'S SECOND REQUEST FOR JUDICIAL INQUIRY REGARDING POTENTIAL CONFLICTS OF INTEREST; DECLARATION OF SPECIAL AGENT MARISSA JERRY<br><br>Hearing Date: January 9, 2023<br>Hearing Time: 8:30 am<br>Location: Courtroom of the Hon. Dale S. Fischer |

     The United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California, the Chief of the Fraud Section of the Criminal Division of the United States Department of Justice, Assistant United States Attorney James C. Hughes, and Trial Attorneys Kevin Lowell and Theodore M. Kneller, hereby files its second request for a judicial inquiry regarding potential conflicts of interest raised by the representation of defendant David Gilbert Saffron by defense counsel Brad Lee Axelrod.

This request is for a judicial inquiry of conflicts and to inquire on the status of defendant's efforts to obtain new counsel is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 16, 2022          Respectfully submitted,
                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  GLENN S. LEON
                                  Chief, Fraud Section
                                  Criminal Division,
                                  U.S. Department of Justice


                                      /s/
                                  THEODORE M. KNELLER
                                  KEVIN LOWELL
                                  Trial Attorneys, Fraud Section
                                  Criminal Division,
                                  U.S. Department of Justice

                                  JAMES C. HUGHES
                                  Assistant United States Attorney


                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government requests a hearing for the Court to (1) conduct a judicial inquiry concerning potential conflicts of interest regarding Brad Lee Axelrod's representation of defendant David Gilbert Saffron ("defendant") in this case, and (2) inquire on the status of defendant's efforts to obtain new counsel as he represented to the Court on October 24, 2022.

On October 24, 2022, the Court held a hearing on defendant's motion for Terree Bowers and Malcolm McNeil of ArentFox Schiff LLP to withdraw as defendant's attorneys in this case.  (Dkt. 35.) Prior to the hearing, the government filed under seal a Request for Judicial Inquiry Regarding Potential Conflicts of Interest ("Request for Conflicts Inquiry") regarding defendant's other attorney of record in this case, Brad Lee Axelrod.  (Dkt. 41.)  The Request for Conflicts Inquiry states the government's position and the factual and legal basis for that request.  (See id.)

At the October 24 hearing, the Court ordered that ArentFox Schiff LLP "will remain as counsel for the sole purpose of advising [defendant] whether to waive any potential conflict as to Mr. Axelrod."  (Dkt. 42.)  The Court ordered that "a written waiver must be filed" if defendant wishes to waive the conflict.  (Id.)  To date, no written waiver has been filed.

The government asked Mr. Axelrod and Mr. Bowers about Axelrod's status in this case and the waiver of conflicts.  Mr. Axelrod has not responded to the government's status request and has not been in contact with the government since November 7, 2022.  On December 8, 2022, Mr. Bowers represented that he had sent a waiver and an email

of explanation to defendant and asked defendant whether he needed more information.  Mr. Bowers reported he had not received a response from defendant, but Bowers would contact defendant again on the following day.  Mr. Bowers has not reported any further updates to the government.

At the October 24 hearing, Axelrod represented that he intended to remain as counsel for defendant until defendant could retain new criminal counsel, and Axelrod agreed to get a written waiver from defendant.  As of this filing, no new counsel for defendant have entered an appearance.  The government does not know whether Mr. Axelrod obtained a waiver, or whether he intends to remain as counsel for defendant in this case.

## II.  BACKGROUND

For the reasons set forth in the government's Request for Conflicts Inquiry (Dkt. 41), the government's position is that Mr. Axelrod's representation of defendant implicates Sixth Amendment concerns of the right to effective assistance of counsel.  The trial date is currently set for February 7, 2023, and the government is unaware of whom, if anyone, currently represents defendant in this case.

### A. Despite the Government's Attempts, Discovery Has Not Been Produced to Defendant

The government disclosed to the Court in its October 17, 2022 filing (Dkt. 41) that the government attempted to comply with its discovery obligations and made an initial discovery production to Mr. Bowers on September 22, 2022.  Mr. Bowers returned the materials on September 23, 2022 and informed the government that he could not accept discovery on behalf of defendant.  (Id.)

As of the October 24 hearing, the government had not attempted to produce discovery to Mr. Axelrod because he informed the government on September 6 that he was merely assisting lead counsel. (<u>Id.</u>)  Mr. Axelrod did not respond to the government's subsequent inquiries in September and October 2022 regarding whether he intended to continue to represent defendant.  (<u>Id.</u>)

Following the October 24 hearing, while negotiating the return of defendant's phone from the government, Mr. Axelrod also requested that the government produce discovery to him on behalf of defendant. The undersigned attorney for the government informed Mr. Axelrod that, given the Court's order at the October 24 hearing, the government needed Mr. Axelrod to represent whether he had received a written conflicts waiver from defendant before the government could consider his request to receive discovery on defendant's behalf.  As of this filing, Mr. Axelrod has not responded to the government's request.

### B. The Government Has Repeatedly Attempted to Provide Access to Information or Funds Accessible Through Defendant's Phone, But Defendant Has Not Accepted the Government's Offers

At the October 24 hearing, at defendant's request, the Court inquired about the status of the return of defendant's phone. Defendant represented that he needed access to the phone to retrieve contact information, and the contacts would lend him money to pay for his legal defense.[1]  The government currently has custody of the phone and is authorized pursuant to a not-yet-executed warrant to

---

[1] Undated letter from David Saffron to Hon. Dale S. Fischer and Hon. John D. Early, at ¶ 3.  (The Court addressed the letter at the October 24, 2022 hearing.)

seize "any and all virtual currency[2] stored on, or accessible from" defendant's phone.[3]  To date, no virtual currency or funds have been seized from defendant's phone, and portions of the phone that provide access to virtual currency remain inaccessible to the government.

Following the hearing, the government negotiated with Mr. Axelrod regarding access to defendant's phone.  The government offered to (1) allow defendant to retrieve the contact information he described in his letter to the Court from the phone in the presence of an officer from the Pretrial Service Agency (PSA), and PSA would retain possession of the phone; or (2) return the phone to defendant after defendant permitted PSA to install monitoring software on the phone in accordance with defendant's conditions of release.  (See Dkt. 13.)

Mr. Axelrod stated that these conditions were unacceptable and demanded the government return defendant's phone to Mr. Axelrod "per the judge's order that the mobile phone was to be returned to [defendant] without any conditions, and, that I was allowed to pick it up for my client who need not be present."[4]  Mr. Axelrod explained that he would "hand the phone to [defendant] who would then retrieve the 2factor authorization from the phone which [defendant] explained

---

[2] "Virtual currency" or cryptocurrency is a digital currency. Transactions are typically verified, and records are maintained, by a decentralized system using cryptography, rather than a centralized authority such as a bank or government.  Like traditional currencies issued by governments, there are multiple types of virtual currencies, such as Bitcoin.

[3] In the Matter of the Seizure of Virtual Currency Stored on, or Accessible From the Subject Device, 2:22-MJ-03024 (C.D.C.A. Aug. 3, 2022) (Stevenson, Mag. J.).

[4] Email from Brad Lee Axelrod to Theodore M. Kneller (Oct. 26, 2022).

to the judge why he needed it to work and to pay defense counsel .....″ (Id.)

The undersigned informed Mr. Axelrod that the government (1) disagreed with his characterization of the Court's order from the October 24 hearing, and (2) would order a transcript of the October 24 hearing to facilitate the parties coming to a common understanding of the Court's order. In addition, the government understood based on representations in August 2022 from Cris Armenta, another attorney for defendant, that defendant used a two-factor authentication[5] to access virtual currency through his phone. Because the government has a valid seizure warrant for any virtual currency stored on, or accessible from, defendant's phone, the government renewed its offer to defendant through Mr. Axelrod that the parties enter a return-of-funds agreement, which Mr. Bowers had negotiated with the government in August 2022.

The government's offer required defendant to provide access to any and all virtual currency accessible through the phone, including through the two-factor authentication mentioned by defendant's attorneys Ms. Armenta and Mr. Axelrod, and then the government would seize the virtual currency. The government also agreed to return a pre-agreed amount of the virtual currency to a designated attorney for defendant to pay for defendant's legal defense costs in this case. This is the same offer that the government made to defendant

_____

[5] Two-factor authentication is used to increase electronic data security. It is a method of electronic authentication in which a user is granted access to a website or application only after successfully presenting two pieces of evidence (or factors) to show that the person accessing the data is an authorized user. Receiving a unique code via text message to a previously approved cell phone number is a common form of a two-factor authentication method.

through Mr. Bowers in August and September 2022.  Mr. Axelrod has
not responded to the government's offer made on November 8, 2022.

**III. LEGAL AUTHORITIES AND BASIS FOR REQUESTED RELIEF**

The government renews its basis for relief based on legal
authority that is put forth in the government's Request for
Conflicts Inquiry.  (Dkt. 41.)  In sum, the government's position is
that Mr. Axelrod's representation of defendant is an actual conflict
of interest and implicates Sixth Amendment concerns of the right to
effective assistance of counsel.  A judicial inquiry is called for
because federal courts have an "independent interest in ensuring
that criminal trials are conducted within the ethical standards of
the profession and that legal proceedings appear fair to all who
observe them."  Wheat v. United States, 486 U.S. 153, 160 (1988).
The Sixth Amendment guarantees effective assistance of counsel that
is comprised of "two correlative rights: the right to reasonably
competent counsel and the right to counsel's undivided loyalty."
Fitzpatrick v. McCormick, 869 F.2d 1247, 1251 (9th Cir. 1989).

In addition, a lawyer who is a witness to material facts
concerning the case may not "act as an advocate in a trial in which
the lawyer is likely to be a witness unless ... the lawyer has
obtained written consent from the client...."  CRPC 3.7(a)(3).
Notwithstanding a client's informed written consent, the Court
retains discretion "to take action, up to and including
disqualification of a lawyer who seeks to both testify and serve as
an advocate, to protect the trier of fact from being misled or the
opposing party being prejudiced."  CRPC 3.7, cmt. 3, citing Lyle v.
Superior Court, 175 Cal. Rptr. 918, 926 (Cal. Ct. App. 1981).
//

8

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court conduct a judicial inquiry into any potential or actual conflicts of interest that may arise in Mr. Axelrod's representation of defendant, including whether Mr. Axelrod has fully disclosed the conflicts of interest to defendant, and whether defendant has provided a written waiver.  The government also requests that the Court inquire on the status of defendant's efforts to obtain new counsel.